United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-4164

| | | |
|---|---|---|
| Independent Federation of Flight | * | |
| Attendants; Barry Schimmel; | * | |
| Flip Becker; Terry Fitzgerald; | * | |
| Jerry Giustiniani; Sheila McCann; | * | |
| Terry Bradley; Jason Motley, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Sherry Cooper; | * | |
| | * | |
| Defendant, | * | |
| | * | |
| International Association of Machinists | * | |
| and Aerospace Workers, AFL-CIO, | * | |
| Lodge 142; International | * | |
| Association of Machinists and | * | |
| Aerospace Workers, AFL-CIO, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 8, 1997
Filed: April 14, 1998

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

The Independent Federation of Flight Attendants[1] appeals the district court's[2] entry of judgment on the pleadings dismissing their tort claims against the International Association of Machinists and Aerospace Workers. Because we find that the relief sought by these claims is inextricably intertwined with a representation dispute within the exclusive jurisdiction of the National Mediation Board, we affirm.

## I.    BACKGROUND

This case is the latest in a series of cases spawned by a dispute between two unions over the right to represent the flight attendants that Trans World Airlines (TWA) employs. See Independent Fed'n of Flight Attendants v. Cooper, 134 F.3d 917 (8th Cir. 1998) and International Ass'n of Machinists and Aerospace Workers v. Schimmel, 128 F.3d 689 (8th Cir. 1997). Because this appeal comes to us from the district court's grant of a motion for judgment on the pleadings, we accept as true the well-pleaded allegations in the complaint and draw all inferences therefrom in favor of the non-moving party. See Fed. Rule of Civ. P. 12(c); Lion Oil Co. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996).

The Independent Federation of Flight Attendants (IFFA) was the incumbent representative of TWA's flight attendants and its president was Sherry Cooper. The International Association of Machinists and Aerospace Workers (IAM) represented other classes of TWA employees. In the spring of 1996, Cooper began secret discussions with IAM about merging the two unions and thereby extinguishing IFFA's existence. These negotiations occurred without the knowledge or approval of IFFA's

---

[1]Appellants are the Independent Federation of Flight Attendants, five individual members of IFFA's Executive Board, and two flight attendants who are IFFA members in good standing. We will refer to them collectively as IFFA.

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

executive board. Cooper, as IFFA president, obtained the IFFA membership list from TWA and forwarded it to IAM. Cooper then presented a merger proposal to IFFA's executive board. The executive board refused to consider the proposal, and relieved Cooper of her duties as IFFA president on the ground that her secret negotiations with IAM exhibited disloyalty to IFFA.

After the IFFA executive board rejected the merger, IAM began an active organizing campaign among TWA's flight attendants. It used the mailing list procured by Cooper to mail all TWA flight attendants materials that featured the IFFA logo including a video in which Cooper urged support for IAM. IAM filed a representation application which prompted the National Mediation Board to conduct a representation election. See 45 U.S.C. § 152, Ninth.

Before the ballots had been counted, IFFA filed allegations of election interference with the Mediation Board. It claimed that IAM's use of a "stolen" membership list and a disloyal employee was an abuse of Mediation Board procedures, and that the election should therefore be set aside. The Board found that the "allegations and evidence [did] not present a prima facie case to warrant further investigation." Supp. App. at 78. It reasoned that Cooper's support of IAM "implicate[d] disagreement within IFFA's leadership" and that IAM had not acted improperly in utilizing Cooper. Id. at 73. The Board also concluded that IAM's use of the membership list did "not constitute fraud, coercion, or unlawful conduct in violation of Section 2, Ninth of the Act." Id. (quotation omitted). The Board then counted the ballots, and announced that IAM had won the election.

IFFA sued IAM in district court, asserting misappropriation of trade secrets and tortious interference with contract[3]. IFFA claimed that IAM's use of the IFFA logo and

---

[3]IFFA also named Cooper as a defendant, alleging that she had violated the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501(b). The state law

membership list violated Missouri's trade secrets statute and that IAM tortiously induced Cooper to breach her obligations to IFFA. The district court granted IAM judgment on the pleadings. It held that these claims involve a representation dispute within the National Mediation Board's exclusive jurisdiction. IFFA appeals.

## II. DISCUSSION

### A. Mootness

After oral argument, we directed the parties to identify the issues remaining to be decided after Schimmel, a related case before this court. 128 F.3d 689. In Schimmel we held that IFFA was not entitled to retain funds that were directly acquired from union dues paid by TWA's flight attendants. See id. at 690. We drew a careful distinction, however, between dues money and "funds derived from sources other than union dues to which IFFA is otherwise entitled." Id. at 694.

The membership list and union logo are assets which are distinct from membership dues. The list was compiled and the logo was designed by the union, not its members. Therefore, the IFFA would be entitled to retain compensation for the misappropriation of these resources because they would be "funds that reflect sources independent of union dues." Id. at 693 n.7. Since IFFA continues to have a personal stake in the outcome of this lawsuit, Schimmel has not mooted its claim. See Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc., Nos. 96-3654, 96-3919, 96-4220, 1998 WL 92213 at *2 (8th Cir. March 5, 1998).

---

claims against IAM are therefore before us as part of the supplemental jurisdiction of this court. See 28 U.S.C. § 1367(a). The claims against Cooper were not dismissed and she is not a party to this appeal.

**B.      Preemption**

Having concluded that IFFA's claim is not moot, we must next consider whether the claim is preempted by the Railway Labor Act (RLA).  The RLA provides a mechanism for resolving labor disputes involving common carriers in interstate commerce without disrupting the nation's transportation services.  See 45 U.S.C. § 151, First; see also Sheet Metal Workers' Int'l Ass'n v. Burlington N. R.R., 893 F.2d 199, 202 (8th Cir. 1990) (detailing the purposes of RLA).  The RLA authorizes the National Mediation Board to certify the bargaining representative for a carrier's employees.  See 45 U.S.C. § 152, Ninth.  The Mediation Board's power to resolve representation disputes under the RLA is exclusive.  Switchmen's Union v. National Mediation Bd., 320 U.S. 297, 303 (1943).  Congress intended the Board to resolve "jurisdictional disputes between unions," and a district court has no power either to review Board certifications or to make certifications itself.  Id. at 302 & 300.

However, there is no preemption when the conduct complained of is only of peripheral concern to the RLA.  See, e.g., Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 263 (1994) (holding that state tort claims that do not require interpretation of collective bargaining agreement are not preempted by the RLA).  In the context of a representational dispute, courts have held that a claim for damages is not necessarily preempted by the RLA.  See, e.g., Association of Flight Attendants v. Delta Air Lines, Inc., 879 F.2d 906, 909 (D.C. Cir. 1989).  In Delta, after it was decertified by the National Mediation Board, a union sued for breach of a survivorship clause in the collective bargaining agreement.  The court held that the union could bring a suit for damages in federal district court.  It concluded that this would not encroach on the Board's jurisdiction because "an award of damages would have no effect on the NMB's certification determination  . . . [and] would not cause any confusion as to which union is the proper  . . .  representative."  Id. at 913-14.

We read Delta to hold that certain causes of action arising out of representation disputes are not preempted by the RLA. The test for RLA preemption is whether an award of damages would be the functional equivalent of resolving the representation dispute. See id. at 915-17; see also Hester v. Brotherhood of R.R. Trainmen, 206 F.2d 279 (8th Cir. 1953) (holding that a claim for damages is preempted because an award would require resolution of representation dispute).

In this case, although IFFA's causes of action are distinct from the representation dispute, under the allegations advanced, we can conceive of no remedy for these claims that would not impermissibly involve the Mediation Board's certification decision. See id. at 282. IFFA seeks two remedies: an injunction prohibiting IAM from employing Cooper, and reimbursement for IFFA's costs in defending against IAM's membership raid. The Mediation Board has already determined that IAM did not engage in unlawful conduct when it utilized Cooper during the organizing campaign. See Supp. App. at 73. An injunction against IAM's future employment of Cooper would be the functional equivalent of judicial review of that conclusion, which is clearly prohibited. See Switchmen's, 320 U.S. at 303. Similarly, IFFA's cost of defending against IAM's organization of the TWA flight attendants is central to the representation conflict between two rival unions. The acts for which IFFA seeks reimbursement are "the core activities with which the Act is concerned: union organizing and the employee's election of an exclusive bargaining representative." Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n, 90 F.3d 797, 803 (3d Cir. 1996) (interpreting RLA's companion statute, the NLRA), cert. denied, 117 S. Ct. 947 (1997). Reimbursement for the cost of defending against the raid would have the effect of making the party that prevailed in front of the Mediation Board pay the costs of the loser. Such an outcome would reach into the exclusive power of National Mediation Board over the labor disputes of common carriers. We do not mean to imply that we approve of IAM's actions in this case; indeed, we do not. However, Congress has made our approval or disapproval of IAM's behavior irrelevant. The claims of IFFA against IAM are inextricably intertwined with a representation dispute, which is within the exclusive

jurisdiction of the National Mediation Board. Therefore, the district court was correct in granting judgment on the pleadings.

## III. CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.